UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| John CHETTA, | : | |
|     Petitioner, | : | |
| | : | |
| v. | : | Crim. No. 3:04cr276 (PCD) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
|     Respondent. | : | |

### RULING ON PETITIONER'S MOTION TO CREDIT SENTENCE

On October 20, 2006, Petitioner John Chetta filed a motion [Doc. No. 94] to credit against his sentence time spent under home confinement from October, 2004 until August, 2005. Petitioner asks the Court to correct the judgment and conviction order signed on June 24, 2005, to stipulate time served as ten months. According to the Government, Petitioner Chetta is effectively asking the Court to credit him for time served on pre-trial release. In October, 2004, as part of Petitioner's bond package, the magistrate judge required him to remain in home confinement with electronic monitoring, rather than ordering him to pre-trial detention. In February, 2005, Petitioner Chetta pleaded guilty to conspiring to possess with intent to distribute 500 grams or more of cocaine on the grounds of a public college, in violation of 21 U.S.C. §§ 846 and 860. Petitioner was sentenced by this Court to a term of imprisonment of 65 months, to be followed by a term of supervised release of 8 years, and Petitioner Chetta voluntarily surrendered to begin his sentence on August 26, 2005.

Petitioner's motion is denied because this Court does not have jurisdiction to provide credit for time served. The Supreme Court has held that the determination of sentence credit is within the exclusive jurisdiction of the Bureau of Prisons, subject to judicial review, and is therefore not a matter for the courts to consider at the time of sentencing or afterward. United

States v. Wilson, 503 U.S. 329, 333-35 (1992).  To receive credit toward his sentence, Petitioner must therefore appeal, ideally with the assistance of counsel, to the Bureau of Prisons, not to this Court.  Petitioner should be aware, however, that if it were within its jurisdiction to review this motion, the Court would likely deny it on the grounds that the Sentencing Reform Act states that a defendant should be given credit towards service of his post-conviction sentence only for "time spent in official detention prior to the date the sentence commences...." 18 U.S.C. § 3585(b).  The Supreme Court has held that credit for time spent in "official detention" only applies to defendants held in a penal or correctional facility, Reno v. Koray, 515 U.S. 50, 58 (1995).  Defendants afforded pre-trial release, even under restrictive conditions, are therefore not considered to be in custody and are not entitled to credit.  Id. at 55-58.  The Second Circuit has held that pre-trial home confinement is not considered official detention, and a defendant "who is released on bail pending sentence[] is not entitled to sentencing credit for the time spent on bail, during which he was placed under electronic monitoring and largely restricted to his residence, although such terms of release on bail ofttimes may be rather restrictive." United States v. Edwards, 960 F.2d 278, 283 (2d Cir. 1992), overruled on other grounds by Wilson, supra, 503 U.S. 329.  See also Martinez v. United States, 19 F.3d 97, 99 (2d Cir. 1994); United States v. Insley, 927 F.2d 185, 186-87 (4th Cir. 1991); United States v. Woods, 888 F.2d 653, 655 (10th Cir. 1989).

     Because only the Bureau of Prisons, subject to judicial review, has the authority to determine sentence credit, Petitioner's Motion to Credit Sentence [Doc. No. 94] is **denied** for lack of jurisdiction.

     SO ORDERED.

Dated at New Haven, this 21st day of December, 2006.

/s/
Peter C. Dorsey
United States District Judge